UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA K. CHETTA et al                      CIVIL ACTION

versus                                   NO. 06-4662

STATE FARM AND CASUALTY COMPANY           SECTION: E/1
et al

### ORDER and REASONS

Defendant ("State Farm") filed a "Rule 12(f) Motion to Strike Fraud Allegations". R.d. #19. Plaintiffs ("Chetta") oppose the motion. The motion was considered on the briefs.

### ANALYSIS

This purported class action seeks to recover additional monies under the insurance policies issued by State Farm due to the alleged fact that the initial loss payments made by State Farm included below market pricing on numerous items and non-payment of industry standard items resulting in inadequate compensation to plaintiffs. *See* ORDER, r.d. #13, by Magistrate Judge Shushan granting defendants' Motion for a More Definite Statement. Included in the Complaint and the Amended Complaint are several allegations of "fraud" or "fraudulent" conduct on the part of State Farm.

State Farm argues that the Complaint and the Amended Complaint fail to allege fraud with the particularity required by Fed. R. Civ. P. 9(b), and that all allegations of fraud should therefore be stricken. It also argues that the allegations of

fraud should be stricken because they are immaterial to Chetta's causes of action, and are prejudicial to State Farm.  Chetta argues that the Complaint and Amended Complaint adequately identify the parties who allegedly perpetrated the fraudulent activities, as well as the contents of the allegedly false representations and the times and places those representations occurred.  Alternatively, Chetta agrees that fraud is not a necessary element of her causes of action stated in the complaints.

Rule 12(f) provides that upon a party's motion, the "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court has considerable discretion in ruling on a motion to strike.  <u>Garcel, Inc., v. Hibernia Nat'l Bank</u>, 2002 WL 353607, at *3 (E.D.La. 3/5/02).  The Court concludes that the allegations of fraud or fraudulent behavior or intent in the Complaint and Amended Compliant do not rise to the level of stating a cause of action for fraud consistent with the requirements of Rule 9(b).  It further concludes that the use of any term alleging or suggesting fraud or fraudulent conduct is immaterial to Chetta's stated causes of action, and such terminology should be stricken from the pleadings.

Accordingly,

**IT IS ORDERED** that the Motion to Strike Fraud Allegations is

**GRANTED** in part as follows:

   1) In ¶ 16 of the Complaint, the word "fraudulent" is stricken from the following sentence:

> Plaintiffs allege that the use of the below market unit pricing by the defendant herein was intentional, *fraudulent* and in bad faith.

   2) In ¶ 16A of the Amended Complaint, the phrase "all resulting in the defrauding of its policyholders" is stricken from the following sentence:

> Plaintiffs specifically allege that defendant insurance company through its management directed its on the scene adjusters and supervisors to repeatedly utilize below market unit pricing and non-payment or intentional underpayment of industry standard items and to do so in varying degrees on different items on different adjustments so as to camouflage or make the companies [sic] intent to violate its obligation to pay what was actually and necessarily spent to repair and replace the damaged property in violation of the insuring agreement as set forth above, *all resulting in the defrauding of its policyholders* for the sole purpose of protecting the companies [sic] financial assets at the cost of its policyholders.

   3) In ¶ 17C of the Amended Complaint, the phrase "with the intent to defraud its policyholders as a whole" is stricken from the following sentence:

> Defendants continually paid below market unit prices when they had easy and ready access to post Katrina unit prices available throughout the Greater New Orleans area, and/or failed to provide for contractors [sic] overhead and profit in estimates and/or failed to include payment of sales taxes or other industry standard practices all resulting in violation

>   of the insuring agreement as stated above *with the intent to defraud its policyholders as a whole.*

4) In ¶ 22B of the Complaint, the word "fraudulent" is stricken from the following sentence:

>   There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to whether below market unit pricing by defendants was intentional, *fraudulent,* in bad faith and a breach of their insurance contract with the class members.

**IT IS FURTHER ORDERED** that the Motion to Strike is **DENIED** in part as to paragraphs 24, 28A and 32.

New Orleans, Louisiana, February 28, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge